IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DARRELL L. JACKSON,**
    **Plaintiff,**

**vs.**                                               **Case No: 5:09cv338/RH/MD**

**FLORIDA DEPARTMENT OF FINANCIAL SERVICES, et al.,**
    **Defendants.**

___

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff filing a Motion for Temporary Restraining Order (doc. 7), a Motion for Preliminary Injunction (doc. 8), and supporting exhibits (doc. 12). For the reasons that follow, the motions should be denied.

Plaintiff is an inmate of the Florida penal system currently confined at Northwest Florida Reception Center ("NWFRC"). He has filed a civil rights complaint under 42 U.S.C. § 1983 against the "Florida Department of Financial Services" and twenty-one officials at NWFRC, asserting an array of claims ranging from inadequate medical care to use of excessive force to falsification of disciplinary reports to deprivation of due process during disciplinary proceedings. In a separate order issued today, the court advised plaintiff that his attempt to join numerous parties and unrelated claims in a single cause of action was improper and would not be permitted. *See* Doc. 10. Plaintiff was ordered to file an amended complaint in compliance with the limitations set forth in Rules 18 and 20 of the Federal Rules of Civil Procedure.

In his present Motion for Temporary Restraining Order, plaintiff seeks to be transferred to an institution outside the Florida Department of Corrections' Northern

Region, claiming that he was subjected to excessive force on June 12, 2009 and June 16, 2009, and that there is a widespread conspiracy to abuse him and deny him medical care. (Doc. 7, p. 2). Plaintiff asserts that most recently, he has been placed in a cell with an inmate who balls up plaintiff's papers and puts his finger in plaintiff's face to provoke him to fight. (*Id.*, p. 3). Plaintiff's Motion for Preliminary Injunction assumes that plaintiff will be transferred, and seeks an order requiring the medical director of his new institution to have him evaluated and treated by "a bone specialist." (Doc. 8, p. 2).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    1. There is a substantial likelihood that the movant will prevail on the merits;

    2. There exists a substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

    3. The threatened injury to the movant outweighs the threatened harm injunction will do to the defendant; and

    4. The granting of the preliminary injunction will not disturb the public interest.

*CBS Broad., Inc. v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Dep't of Agric.*, 734 F.2d 774 (11th Cir. 1984); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995).

Plaintiff's motions fail to state a *prima facie* case for preliminary injunctive relief. The allegations of his Motion for Temporary Restraining Order do not adequately show any indication of *immediate, irreparable* harm. Moreover, his Motion for Preliminary Injunction seeks relief against a person who is not a party to the underlying action. Because plaintiff has failed to meet the prerequisites for injunctive relief, his motions should be denied.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's Motion for Temporary Restraining Order (doc. 7) be DENIED.
2. That plaintiff's Motion for Preliminary Injunction (doc. 8) be DENIED.

At Pensacola, Florida, this 4th day of November, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**