**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
PanamA City **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983**
Third Amended Complaint

Darrell L. Jackson.

Inmate # 59146.

(Enter full name of Plaintiff)

vs.

CASE NO: 5:09 cv 338/RHmD
(To be assigned by Clerk)

Lt. Cutchinson,
Officer John Doe,
Major Wilford,
Nurse 1,
Nurse 2.          Paula Foskey

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

DATE 3-4-2010
INMATE INITIALS: DJ

Filed0310'10UsDcFln3PM0123
k

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Darrell L. Jackson

Inmate Number: 591746

Prison or Jail: Reception 4 Medical Center

Mailing address: P.O. Box 628
Lake Butler, Fla.
32054

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: H. Cutchinson
Official position: Lieutenant
Employed at: NW Florida Reception Center
Mailing address: 4455 Sam Mitchell Dr.
Chipley, Florida, 32428

(2) Defendant's name: Officer John Doe
Official position: Officer
Employed at: NW Florida Reception Center
Mailing address: 4455 Sam Mitchell Dr.
Chipley, Florida, 32428

(3) Defendant's name: Major Willford
Official position: Major
Employed at: 4455 Sam Mitchell Dr.
Mailing address: NW Florida Reception Center
Chipley, Florida, 32428

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

Defendants Continued

(4) Nurse 1
   Nurse
   NW Florida Reception Center
   4455 Sam Mitchell Drive
   Chipley Florida, 32428

(5) Nurse 2
   Nurse
   NW Florida Reception Center
   4455 Sam Mitchell Drive
   Chipley Florida, 32428

(6) Paula Foskey
   Medical Director
   NW Florida Reception Center
   4455 Sam Mitchell Drive
   Chipley Florida, 32428

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )                      No( ✓ )

1.   Parties to previous action:
(a)   Plaintiff(s): _____

(b)   Defendant(s): _____

2.   Name of judge: _____   Case #: _____

3.   County and judicial circuit: _____

4.   Approximate filing date: _____

5.   If not still pending, date of dismissal: _____

6.   Reason for dismissal: _____

7.   Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )                      No( ✓ )

1.   Parties to previous action:
a.   Plaintiff(s): _____

b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____   Case #: _____

4.   Approximate filing date: _____

5.   If not still pending, date of dismissal: _____

6.   Reason for dismissal: _____

3

7.   Facts and claims of case: _____ _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )                              No(  )

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
a.   Plaintiff(s): DaRRell L. Jackson
b.   Defendant(s): State Orange County (State of Flory
2.   District and judicial division: 9Th Judicial Circuit
3.   Name of judge: Lioa Munyun    Case #: 2008 CF 9785-0
4.   Approximate filing date: September 14, 2009
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: Ineffective Assistance of Appellant Counsel (3.850 Motion) _____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes(  )                              No( ✓ )

1.   Parties to previous action:
a.   Plaintiff(s): _____
b.   Defendant(s): _____
2.   District and judicial division: _____
3.   Name of judge: _____  Case Docket # _____
4.   Approximate filing date: _____  Dismissal date: _____
5.   Reason for dismissal: _____

4

6. Facts and claims of case: _____

_____ _____ _____

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

(History of Injuries) Prior to my June "08" arrest I had been in severable accidento where I received 2 neck and 2 back injuries. In March "09" while working in the kitchen at NW Florida Reception Center my back pain became acute and led me to declare medical emergency. I was taken to the medical building by wheelchair to the nurses station. A nurse demanded me to get out of the wheelchair & stand on the scale. An inmate helped me out the chair wheelchair and onto the scale. He was told to let me go. The nurse told me that if I could stand on the scale and nothing wrong with me and sent me back to my dorm without any treatment. I took got my medical records sent in from my previous injuries where I was treated for a 2 neck and 2 back injuries at 4 different hospitals. The nurse practitioner ordered me to take x-rays which I did on June 1st 2009. The results showed that I suffer from degenerated disks in my lower spine, pinched nerves and scoliosis a spinal disorder. All of which is in my medical file. Many times while sitting or walking my back would lock up on me and the pain would become so acute. I would have to lay down or and at times I have even dropped

straight to the floor. Then I would have to bend over to walk for the next few days until it would cease from hurting. On 6-12-09 at approx. 9:30 am I slipped on water while working in the kitchen and my back locked-up on me causing me an enormous amount of pain and made it impossible for me to walk. After writting out an incident report for the kitchen super-exvisor I was taken by wheelchair to the medical buildings nurses station where I waited for the nurse to call me inside. I was waiting in the lobby. (Nurse 1) At approx. 9:35 am the same day (6-12-09) nurse 1 calls me and demands that I get up out the wheelchair and walk inside the nurses station. I told her "I cant walk". She then with a nasty atti- tude says "I am giving you an order to get up and walk inside the station". I stated again "I cant walk". She then slams the nurses station door and calls Lt. Cutchinson and officer John Doe to come to the nurses station. When they got to the nurses sta- tion nurse 1 tells them that I refused to get out the wheelchair and that I was faking, concerning my back. Lt. Cutchinson tells an inmate to help me out the wheelchair and into the nurses station. Nurse 1 tells me to stand up on the scale so she could weigh me. I said I cant. Lt. Cutchinson tells the inmate to help me onto the scale. He did while still supporting me by the arm. Nurse 1 tells the inmate to let me go. When he did I fell almost to my knees causing an enormous amount of pain to my back. The in- mate helped me up. Nurse 1 then lifts my shirt and looks at my back for a few seconds and

6

with an Nasty attitude tells Lt. Cutchinson
"I don't see no swelling" I told you he was
faking". Then she ordered me to go back to work.
I told her I can't work. She then tero Lt. Cut-
chinson to "lock his ass up", for refusing to work,
Being made to stand on the scale and then being
let go aggravated my back condition and the pain
was more acute than it was before, All at her re-
tions was done with deliberate indifference.
Nurse/ wrote me a DR for refusing to work.
I was taken to disciplinary confinement and
subsequently sentenced to 60 days disciplinary
confinement in violation of chapter 33-602.
101 (15). Nurse 1 failed to follow proper D.O.C med-
ical procedure and wrongfully confined me viol-
ating my 14th amendment U.S. constitution un-
der the due process clause. As a result of her
violation I suffered loss of liberty, loss of pro-
perty and, pain in my lower back and emotional
distress. She also violated my 8th amendment
U.S. Constitution (cruel & unusual punishment)
for her deliberate indifference to my serious
medical needs. As a result of her violation I
suffered more needless pain which has gotten
even worse, denied a wheel chair pass to get a
wheel chair, denied a stronger pain medication
even after I complained that the 600 mg ibu-
profen was not helping my back pain, and em-
otional distressed,
Nurse 2) On 6-12-09 at apprx. 9:35 am nurse
2 was in the medical building nurses station and

8

heard nurse 1 demand me to get out the wheelchair
and walk into the nurses station contrary to D.O.C.
medical procedure when treating a man who has a
history of back injuries and who just minutes ear-
lier slipped on water and thru his back out. Nurse
2 could plainly see that my pain was acute and
that I was suffering. She also stood by watching nur-
se 1 disregard D.O.C. medical procedure and cause me
to be subjected to unnecessary pain by telling the in-
mate to let me go while I was on the scale. Nurse 2
stood by laughing and making sarcastic remarks
with nurse 1 the whole time. Nurse 2 neglected
her duty of care with deliberate indifference of a
nurse who sees an inmate in need of medical care
being denied proper medical procedure and medical
care to intervene and provide the inmate the med-
ical care and attention he is entitled to under
D.O.C. provisions and under the U.S. Constitution
14th Amendment, Nurse 2 by her failure to act and
intervene, violated my 14th amendment to the U.S.
Constitution under the due process clause. As a
result of her violation I suffered loss of liberty,
loss of property, pain in my lower back and exacti-
on of distress. She also violated my 8th amendment
to the U.S. Constitution under the clause of cruel and
unusual punishment for her deliberate indifference
to my serious medical needs. As a result of her
violation I suffered more needless pain which has
gotten even worse, denied a wheelchair pass to
get a wheelchair, denied a wheelchair, stronger
pain medication even after I complained that

9

the 600 mg ibuprofen was not helping my back pain and emotional distress.
(Paula Foskey) is the NW Florida Reception Centers' medical director and has authority to set policy for the nursing staff. Ms. Foskey has given tacit authority for the nursing staff to deny inmates medical care based on their unprofessional medical judgments. On 6-12-09 after being denied medical care by a nurse in the MSB medical buildings' nurses station, written a bogus DR. by the same nurse, literally drug on the ground to G DORM confinement by two officers who were called to the nurses station by the same nurse to help her enforce a policy, practice or custom of denying inmates medical care, then once I was inside G-Dorm confinement and thrown in a cell I was subsequently handcuffed and shackled then like a human battering ram rammed head first into a wall, beaten and thrown on the floor of a psyc cell rather which I suffered trauma to my head, neck, back, sternum and ribs and after months of being denied any medical treatment other than ibuprofen and even after notifying Ms. Foskey of my injuries and denial of medical treatment she still refuse to intervene and provide me the medical care I need. This policy, practice or custom was the moving force behind the deprivation of my constitutional rights. By Ms. Foskey authorizing this policy, practice or custom there exists a causual connection linking her actions to the actions of her subordinates. Ms. Foskey is held liable under

the principle of supervisory liability for the inadequate training, supervision and direction of her nursing staff with deliberate indifference. (Lt. Cutchinson) On 6-12-09 at appox. 9:40 pm after being called to the MSB medical buildings nurses station by nurse 1 upon arriving could see me sitting in a wheelchair in the lobby. He asked me why I can't get out the wheelchair. I told him that I have a serious back problem and that I am in an enormous amount of pain. Also that I just took x-rays 10 days earlier. After nurse 1 told him that I was faking he became irrate and started cursing at me. Then with an attitude of deliberate indifference he told an inmate to help the walk me into the nurses station. He could plainly see that I was in an enormous amount of pain. After I was on the scale and let go and almost falling to my knees and the nurse nearly lifting my shirt and glancing at my back and telling him ain't nothing wrong with me and that I was faking grabbed me by my left arm and being assisted by officer John Doe began to literaly drag me to where my waist and legs were dragging the ground causing injury and acute pain to my back and shoulders. Any lay-person should know that a nurse is not qualified to diagnose a spinal injury expecialy without running a series of tests and taking a history. Once we got outside the MSB medical building and into the street we were stopped by major Wilford. After talking briefly with him Lt. Cutchinson being assisted by officer John Doe began to drag

to drag me myself until we reached the center
gate mppx, 50 feet away. Then the two licked me
to my feet each officer supporting me by a arm
and walked me the rest of the way to confinement
(G-Dorm) where I was subsuguently placed in a
cell. At no point was I disorderly, disruptive or
resistent in any form or fashion. This use of force
was excessive, unjustifiable, unnecessary nor
was it applied to maintain or to restore discipline.
I was the wanton indliction of pain done mal-
iciously and sadistically to cause injury or harm.
Lt, Cutchinson violated my 8th amendment to the U.S.
constitution under the cruel & unusual punishment
clause for the use of excessive force and for the
deliberate indifference to my serious medical ne-
eds. As a result of his violation I suffered injury
to my back and shoulders, needless pain and suffering
and emotional distress and humilliation.
(Officer John Doe) on 6-12-09 at mppx, 9:40 am
after being called to the MSB medical buildings'
nurser station by nurse 1 upon arriving could
plainly see me sitting in a wheelchair in the lobby.
He heard me tell Lt, Cutchinson that I have a ser-
ious back problem and that I was in an enorm-
ous amount of pain and that I took X-rays 20
day earlier. He then told me to stop lying". Then
when we were in the nurses station and Lt,
Cutchinson handcuffed me he grabbed me by the
right arm and being assisted by Lt, Cutchinson
began to literally drag me to where my waist and
legs were dragging the ground causing injury

and acute pain to my back and shoulders. Any lay-person should know that a nurse is not qualified to diagnos a spinal injury exspecially without run-ning a series of tests and making a history. On-ce we got outside the MSB medical building and into the street we were stopped by Major Willford. After talking badelly with him Lt. Cutchinson Off-icer John Doe being assisted by Lt. Cutchinson be-gan to drag me again until we reached the center gate approx. 50 feet anoy. Then the two lifted me to my feet each officer supporting me by a arm and walked me the rest of the way to confinement (G-Dorm) where I was subsiquently placed in a cell. At no point was I disorderly, disruptive or resis-tent in any form or fashion. This use of force was excessive, unjustifinble, unnecessary nor was it applied to maintain or to restore discipline. It was the wanton infliction of pain done maliciously and sadistically to cause injury or harm. Officer John Doe violated my 8th amendment to the U.S. constitution under the cruel & unusual punishment clause for the use of excessive force and for the deliberate indifference to my serious medical needs, as a result of his violation I suffered injury to my back and shoulders, needless pain and suffering, and emotinal distress and humilli-ation.

(Major Willford) On 6-12-09 at approx- 9:41 am After hearing me yelling for help walked to meet us (Lt. Cutchinson, officer John Doe and myself) as we exited the MSB building and

entered the street. He could plainly see me being drug by Lt. Cutchinson and officer John Doe. He asked "What's the problem?" I tried to explain but before I could Lt. Cutchinson told him that I refused to return to work. Major Willford with an attitude of deliberate indifference merly said "ok" and walked off. Lt. Cutchinson & officer John Doe then continued to drag me to the center yard. Major Willford could plainly see and hear me continuing to cry for help but failed to act and intervene and stop his subordinates from abusing me and violating my constitutionaly protected rights. Major Willford neglected his duty as a supervisory officer with deliberate indifference. As a result of his failure to act and intervene I suffered injury to my back and shoulders, needless pain and suffering, humiliation and emotional distress.

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

14th amend, U.S. Constitution (Due Process)
8th Amend, U.S. Constitution (Cruel & Unusual Punishment)
14th amend, U.S. Constitution (Due Process)
8th amend, U.S. Constitution (Cruel & Unusual Punishment)
8th amend, U.S. Constitution (Excessive force)
8th amend U.S Constitution (Excessive force)
Supervisory Liability - Failure to train, supervise & direct
Supervisory Liability - Failure to act and intervene

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

Compensatory Damages 300
Nurse) - $50.00 a day for 30 days of wrongful conf-
inement / $150.00 a day for emotional distress while in
confinement / $2,000.00 for the pain suffered from

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

2-21-2010
(Date)

_____
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 20H day of March , 20 10 .

_____
(Signature of Plaintiff)

Revised 03/07

7. Johnson
RMC Correctional Officer
pursuant to F. 8. 117.10
14

15

Compensatory Damages - Relief Continued
being let go while standing on the scale / $100.00 a
day for being denied medical treatment / $75.00
a day for the emotional distress caused by being
denied medical treatment.

Nurse 2 - $50.00 a day for 300 days of wrong-
ful confinement / $150.00 a day for emotional
distress while in confinement / $2,000.00 for the
pain suffered from being let go while standing
on the scale / $100.00 a day for being denied med-
ical treatment / $75.00 a day for the emotional
distress caused by being denied medical treatm-
ent.

Paula Faskey - $20,000.00 for the inadequate
training, supervision and direction of her
nursing staff that resulted in my constitutional
deprivations.

Lt. Cutchinson - $30,000.00 for the injuries sus-
tained from the use of excessive force / $100.00
a day for being denied medical treatment / $10,
000.00 for the emotional distress caused by the
use of excessive force / $75.00 a day for the emot-
ional distress caused by being denied medical
treatment.

Officer John Doe - $30,000.00 for the injuries
sustained from the use of excessive force / $100.00
a day for being denied medical treatment / $10,
000.00 for the emotional distress caused by the use
of excessive force / $75.00 a day for the emotional
distress caused by being denied medical treatment.

Damages Continued, Relief
Major Willford - $35,000.00 for failing to act
and intervene while I was being drug /$10,
000.00 for the emotional distress caused by
the use of excessive force /$100.00 a day for the
denial of medical care /$75,00 a day for the em-
otional distress caused by being denied medical care.

Punitive Damages
Nurse 1 - $30,000.00
Nurse 2 - $30,000.00
Paula Foskey - $30,000.00
Lt. Cutchinson - $40,000.00
Officer John Doe - $30,000.00
Major Willford - $40,000.00

Injunctive Relief
I ask the court to direct the NW Florida Recep-
tion Center or whatever institution I may be
transfered to to release plaintiff from confin-
ement, dismiss all DR's; Restore all lost gain
time and return his custody back to where it was
before 8-12-09 and R

Plaintiff asks the court to grant such other
relief as it may appear that plaintiff is
entitled to.