**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
Panama City DIVISION

## CIVIL RIGHTS COMPLAINT FORM
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983**

Fourth Amended Complaint

Darrell L. Jackson.
Inmate # 591746
(Enter full name of Plaintiff)

**RECEPTION MEDICAL CENTER**
DATE: 6-23-00
INMATE INITIALS: DJ

VS.

CASE NO: 5:09cr338/RH/mD
(To be assigned by Clerk)

Lt. R.K. Cutchins-Individual Capacity
Officer John Doe-Individual Capacity
Major Willford-Individual Capacity
Nurse H. Fromm-Individual Capacity
Nurse A-Individual Capacity

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

Paula Forkey-Supervisory Capacity
C. Crain-Individual Capacity

This court has supplemental jurisdiction over the plain-
tiffs state law tort claims under 28 U.S.C. § 1367

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Filed 0628*10UsDcFln3PM1211

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Darrell L. Jackson

Inmate Number: 597746

Prison or Jail: Reception & Medical Center

Mailing address: P.O. Box 628
Lake Butler, Fla.
32054

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: Lt. Cutchins
    Official position: Lieutenant
    Employed at: NW Florida Reception Center
    Mailing address: 4455 Sam Mitchell Dr.
    Chipley, Fla. 32428

(2) Defendant's name: Officer John Doe
    Official position: Officer
    Employed at: NW Florida Reception Center
    Mailing address: 4455 Sam Mitchell Dr.
    Chipley, Fla. 32428

(3) Defendant's name: Major Willford
    Official position: Major
    Employed at: NW Florida Reception Center
    Mailing address: 4455 Sam Mitchell Dr.
    Chipley, Fla. 32428

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

(4) Nurse H. Fromm
    Nurse
    NW Florida Reception Center
    4455 Sam Mitchell Dr,
    Chipley Florida, 32428

(5) Nurse 2
    Nurse
    NW Florida Reception Center
    4455 Sam Mitchell DR,
    Chipley Florida, 32428

(6) Paula Foskey
    Medical Director
    NW Florida Reception Center
    4455 Sam Mitchell Dr,
    Chipley Florida, 32428

(7) C. Cain
    Officer
    NW Florida Reception Center
    4455 Sam Mitchell Dr,
    Chiple Florida, 32428

**III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

**IV.   PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )          No( )

1.   Parties to previous action:
(a)   Plaintiff(s): _____

(b)   Defendant(s): _____

2.   Name of judge: _____      Case #: _____

3.   County and judicial circuit: _____

4.   Approximate filing date: _____

5.   If not still pending, date of dismissal: _____

6.   Reason for dismissal: _____

7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )          No( ✓ )

1.   Parties to previous action:
a.   Plaintiff(s): _____

b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____      Case #: _____

4.   Approximate filing date: _____

5.   If not still pending, date of dismissal: _____

6.   Reason for dismissal: _____

3

7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)                    No(  )

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
     a.   Plaintiff(s): Darrell L. Jackson
     b.   Defendant(s): State of Florida
2.   District and judicial division: Fifth District Court of Appeals
3.   Name of judge: _____   Case #: 5D10-022
4.   Approximate filing date: 3-22-2010
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: Ineffective Assistance of Appellate Counsel

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes(  )                    No(✓)

1.   Parties to previous action:
     a.   Plaintiff(s): _____
     b.   Defendant(s): _____
2.   District and judicial division: _____
3.   Name of judge: _____   Case Docket # _____
4.   Approximate filing date: _____   Dismissal date: _____
5.   Reason for dismissal: _____

4

6.  Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.  STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

(History of Injuries)Prior to my June 2008 arrest
I had been in several accidents where I received
2 neck and 2 back injuries. In March "09" while wo-
rking in the kitchen of the NWFRC my back pain
become acute and led me to declare medical emergency.
I was taken to the MJB medical building by wheelchair
to the nurses station. A nurse demanded me to get out
of the wheelchair & stand on the scale. An inmate helped
me out the wheelchair and onto the scale. He was told
by Nurse Reed to let me go. She told me if I could sta-
nd on the scale plant nothing wrong with me and
sent me back to my dorm without any treatment.
I took out my medical records sent in from my pre-
vious injuries at 4 different hospitals. The nurse pra-
ctitioner ordered me to take X-rays which I did on
June 1, 2009. The results showed I suffer from degen-
erated disks in my lower spine, pinched nerves and
scoliosis. All of which are in my medical file. Many
times while sitting or walking my back would lock up
on me and the pain would become so acute I would
have to lay down straight until the pain would pass.
Then I would have to bend over to walk for the next

5

few days until it would cease.

On 6-12-09 at approx. 9:30 pm I slipped on water
while working in the kitchen and my back locked up
on me causing me acute pain and made it impossible
for me to walk. Not too walking out an incident rep-
ort for the kitchen supervisor I was taken by wheel-
chair to the MRX medical building's nurses station
where I waited for the nurse to call me inside.

(Nurse H. Fromm) at approx. 9:35 am on 6-12-09
calls my name and demands that I get out the wheel-
chair and walk inside the nurses station. I told her
"I can't walk." She then with a nasty attitude says
"I am giving you an order to get up and walk inside
the station." I stated again "I can't walk." She then
slams the nurses station door and calls Lt. Cutchins
and officer John Dee to come to the nurses station.
When they come to the nurses station H. Fromm tells
them I refused to get out the wheelchair and that I
was faking. Lt. Cutchins tells an inmate to help me
out the wheelchair and into the nurses station. H. Fromm
tells me to stand on the scale. I said I can't. Lt.
Cutchins tells the inmate to help me onto the scale.
He did while still supporting me by my arm. H. Fromm
tells the inmate to let me go. When he did I fell all-
most to my knees causing acute pain to my back. The
inmate helped me up. H. Fromm then lifts my sh-
irt and looks at my back a few seconds and with
a nasty attitude says "I don't see no swelling, I
told you he was faking." Then she orders me back

6

to work, I told her I can't work. She tells Lt. Cu-
tching "lock his ass up for refusing to work." H.
Fromm then Refused to allow me to see a phy-
sician for which my symptoms called for. I was
subsequently drug to confinement by Lt. Cutching
and officer John Doe at the request of H. Fromm,
Then H. Fromm conspired with Officer C. Lain
and had her here write a bogus DR. Then Lt. Cu-
tching Authorized the DR and wrote one him-
self. H. Fromm caused me to be subjected to be-
ing drug by Lt. Cutching and officer John Doe,
And also caused me to be subjected to abuse in
confinement involving Lt. Cutching, officer John
Doe and confinement (various) officer. By
H. Fromm telling the inmate to let me go while I
was on the scale she violated my 14th amend. U.S.
Constitution (Due Process) and I suffered acute
pain to my lower back. By H. Fromm ordering
me back to work and conspired to have me writ-
ten a bogus DR she violated State Law Chapter
33-602.101(15) and I suffered loss of liberty
for 420 days, loss of property, injury to my he-
ad, neck, upper and lower back, chest, wrist, me-
ntal Anguish and emotional distress. By H. Fromm
telling Lt. Cutching to lock his ass up for redu-
ing to work" she violated my 8th amend. U.S. Con-
stitution (Excessive Force) and I suffered inju-
ry to my back and shoulder, humiliation and em-
otional distress. By H. Fromm Refused me refusing
me from seeing a physician for which my symp-
toms called for she violated my 8th amend. U.S.

Constitution (Deliberate Indifference To A Serious medical need) and I suffered more needless acute acute and chronic pain to my back which hpo was then worse, denied a wheelchair & pass and denied proper pain medication). H. Fromm's 14th amend, U.S. Constitutional violation was done with deliberate indifference to my serious medical needs. The same goes for her stroke low violations and 8th amend. U.S. Constitutional violations.

Nurse 2) on 8-12-09 at apprx. 9:35 am was in the MSU medical building nurses station and heard H. Fromm demand me to get out the wheelchair and walk inside the nurses station contrary to D.O.C. medical procedure when screening my inmate who had a medical history of back injury in his medical file and who just minutes before slipped and threw his back out. She could plainly see that my pain was acute. She also stood by watching H. Fromm disregard proper D.O.C. medical procedure and cause me to be subjected to unnecessary pain (acute) when H. Fromm told the inmate to let/me go on the scale. She also stood by watching H. Fromm tenth. Cutchins to "clock his ass up for refusing to work." She also stood by watching and laughing and making sarcastic remarks with H. Fromm when H. Fromm refused me to see a physician for which my symptoms called for. She also stood by watching Lt. Cutchins and officer John Doe drag me out of the MSU medical building nurses station or. Nurse 2 had

the ability to prevent/discontinue the constitutional violations but instead refused to act and intervene and grossly neglected her duty of care with deliberate indifference to my serious medical need. Nurse 2 by her failure to act caused me to be subjected to excessive force at the hands of Lt. Cutching and officer John Doe. Nurse 2 by her failure to act caused me to be subjected to more abuse in confinement by Lt. Cutching and officer John Doe and various confinement officer after I was written a bogus DR by officer C. Cain, and H. Fromm and authorized by Lt. Cuthing. By nurse 2 failing to act when H. Fromm told the inmate to let me go while I was on the scale she violated my 14th Amend. U.S. Constitution (Due Process) and I suffered acute pain to my lower back. By nurse 2 failing to act when H. Fromm ordered me back to work and conspired on me being written a bogus DR she violated State Law Chapter 33-602. 101 (15) and I suffered loss of liberty of 420 days, loss of property, injury to my head, neck, upper and lower back, chest, wrists, mental anguish and emotional distress. By Nurse 2 failing to act when H. Fromm told Lt. Cutching to "lock his ass up for refusing to work" she violated my 8th amend. U.S. Constitution (Excessive Force) and I suffered injuries to my back, shoulders, humiliation and emotional distress. By H. Fromm Nurse 2 failing to act when H. Fromm refused me from seeing a physician for which my symptoms called for she violated my 8th amend. U.S.

9

Constitution (Deliberate Indifference To my Serious Medical Need) and I suffered more needless acute and chronic pain to my back which has gotten worse, denied a wheelchair & pass and denied proper pain medication, All of Runge 2 violations were done with deliberate indifference to my serious medical needs.

C.C. (Cain) on 6-12-09 at apprx. 9:35 pm was the MSB medical buildings security officer who worked the officers station at the entrance of the building, She unlocked the door and allowed me and the inmate pushing my wheelchair to enter. She heard H. Fromm demand me to get out the wheelchair and walk inside the nurse station, She heard H, Fromm slam the door to the nurses station, She unlocked the door to the medical building (MSB) and allowed Lt. Cutching and officer John Doe to enter. She saw and heard everything that transpired before I was walked into the nurses station by the inmate. There is a door right behind her chair that leads inside the nurses station that was open and she could hear everything that was said inside. She never hear me cursing, buzzing arguing, fighting, yelling or being disruptive in any manner, She could plainly see Lt. Cutching and officer John Doe dragging me on the ground floor. She in fact unlocked the door to let us out, She could plainly see that this use of force was excessive, unnecessary, wantonly, maliciously and

10

sadistically to cause injury and harm, C. Cain
had the ability and a duty to discontinue the con-
stitutional violation but instead refused to act
and intervene and grossly neglected her duty of
care with deliberate indifference to my serious
medical needs, C. Cain by her failure to act caused
me to be subjected to excessive force at the hands
of Lt. Cutching and officer John Doe, C. Cains
by her failure to act caused me to be subjected
to more abuse in confinement by Lt. Cutching,
officer John Doe and various confinement off-
icers, C. Cain conspired with H. Fromm, and Lt.
Cutching to wrongfully confine me where she wr-
ote a bogus DR to cover up the constitutional
violations in violation of State Law Chapter
33-602.101(15). By C. Cain failing to act and
intervene to stop me from being drug by Lt. Cut-
ching and officer John Doe she violated my 8th
amend. U.S. Constitution (Excessive Force) and I
suffered injuries to my back, shoulder, humili-
ation and emotional distress. By C. Cain con-
spiring with H. Fromm and Lt. Cutching to wr-
ongfully confine me she violated State Law Chap-
ter 33-602.101.(15) and I suffered loss of libe-
rty of 420 days, loss of property, injury to my head,
neck, upper and lower back, chest, wrists, men-
tal anguish and emotional distress.

(Paula Foskey) is the NWFRC's Medical Director
and a final policy maker. Based on the fact
that prior to the 6-12-09 abuse and deprava-

tion nurse Reed a nurse of the NWFRC did the exact same procedure that H. Fromm did on 6-12-09 when she ordered me to get out the wheelchair and walk inside the nurses station and stand on the scale. Then because I could walk (barley) I was told to go back to my dorm and denied access to a physician or any kind of treatment. Also based on Reports from other inmates who received the same treatment by NWFRC's nurses when they complained of back injury that this policy, practice or custom was adopted and put into effect by Paula Foskey. This policy, practice or custom was the moving force behind my deprivation of constitutional rights. Because of this policy, practice or custom there exists a causal connection between Paula Foskey and the constitutional violations of her subordinates. By Paula Foskey moving this policy, practice or custom in effect it proves that she is deliberately indifferent to the serious medical needs of the inmates of the NWFRC. And if this policy, practice or custom was not put into effect by Paula Foskey then she is held liable for failure to adequately supervise and control her subordinates and the acquiescence in the actions. Paula Foskey is held liable under the principle of supervisory liability. As a result of her actions I suffered of the wrongs of her subordinates a 14th amend. U.S. Constitutional (Due Process) violation in which I suffered acute pain to my lower back. A state Law Chapter 33-602.101.(15) violation in which I suffered loss of liberty of

12

420 days, loss of property, injuries to my head, neck, upper and lower back, chest, wrists, mental anguish and emotional distress. Two 8th amend. U.S. Constitutional violations (1) Deliberate indifference to my serious medical needs where I suffered more needless acute and chronic pain to my back which has gotten worse, denied a wheelchair & pass and denied proper pain medication and (2) Use of excessive force where I suffered injuries to my back, shoulders, humiliation and emotional distress.

(2) to Cutchino (R.K.) on 6-12-09 at apprx. 9:40 am after being craned to the MSB medical buildings nurses station by H. Fromm to help her enforce a policy practice of custom of denying inmates medical care upon arriving could see me sitting in a wheelchair in the lobby. After being told by H. Fromm the nurse that I refused to get out the wheelchair and that I yelled at me. He then asked me why I can't get out the wheelchair. I told him I have a serious back problem and that I am in an enormous amount of pain also that I just took x-rays 10 days earlier. Then with raw attitude of deliberate indifference he told an inmate to help me walk into the nurses station. He could plainly see that I was in an enormous amount of pain. After I was on the scale and let go almost falling to my knees and H. Fromm telling him that I was falling, he grabbed me by my left arm and being assisted by officer John Doe began to literally drag me on the floor out the building into the st-

13

eet causing acute pain to my back and shoulders. Any lay person should know that a nurse is not qualified to diagnose a spinal injury especialy without running a series of tests and looking first into the persons medical file. Once we got outside the MSB building and into the street we were stopped by Major Willford. After talking baretly with him Lt. Cutchins and officer John Doe began again to drag until me until we reached the center gate approx. 50 feet away. Then the two lifted me to my feet and walked me supporting me by my arms to G-Dorm confinement. At no point was I disorderly, disruptive or resistant. This use of force was excessive, unjustified, unnecessary nor was it applied to maintain or restore discipline. It was the wanton infliction of pain done maliciously and sadistically to cause injury and harm. Once in confinement Lt. Cutchins authorized the bogus D R wrote by officer Gotro G. C. Gatlin in violation of State Law Chapter 33-602.101. (15). Then at the direction of Lt. Cutchins & officer John Doe various officers in confinement forcibly extracted me from a cell simply because I was physicaly unable to walk to the cell door. I was hand cuffed behind my back and placed in leg irons, carried like a human battering ram causing acute pain to my back. Then once in the hallway I was rammed head first into a wall and beaten. Then thrown onto the floor of a psyic cell without a mattress or linin laying in my own urine and feces for the next 6 days. Lt. Cutchins violated my

14

8th amend, U. S. Constitution (Use of excessive for-
ce) for dragging me to confinement. To a result
I suffered injuries to my back and shoulders, hum-
iliation and emotional distress. Also my 8th am-
end, U.S. Constitution (deliberate indifference to
my serious medical needs) for refusing me to an-
ow me to be seen by a physician. To a result I
suffered more needless acute and chronic pain
to my back which has since gotten worse, den-
ied a wheelchair & pass and denied proper pain
medication. Also State Law Chapter 33-602.101,
(15) for authorizing a bogus DR written because
I was physically unable to perform a work de-
tail that I was ordered to. To a result I suffer-
ed loss of liberty for 420 days, loss of property,
injuries to my head, neck, upper and lower back,
chest, wrists, mental anguish and emotional
distress.

(Officer John Doe) on 6-12-09 at apprx. 9:40 am
after being called to the MSB medical buildings nu-
rses station by H. Fromm to help her enforce a
policy, practice or custom of denying inmates
medical care upon arriving could see me sitting
in a wheelchair in the lobby. After being told by
H. Fromm that I refused to get out the wheelch-
air and that I was faking told me "stop lying"
as I started to explain. He heard me tell Lt. G-
tching that I have a serious back problem and
that I am in an enormous amount of pain and
that I just took x-rays 10 days earlier. He st-

ood by watching when an inmate was told to walk me into the nurses station and could plainly see that I was in an enormous amount of pain. He stood by watching when I was let go on the scale allmost fainting to my knees and could plainly hear Ni.Fromm tell them to lock me up for refusing to work. He then grabbed me by my right arm and being assisted by Lt. Cutching began to litterally drag me on the floor out the building into the street causing acute pain to my back and shoulder. Any lay person should know that a nurse is not qualified to diagnose a spinal injury especially without running a series of test and looking first into the persons medical file. Once outside the RSB building and into the street we were stopped by Major Willard. After talking briefly with him officer John Doe began again to drag me until we reached the center gate approx. 50 feet away. Then they lifted me to my feet and walked me supporting me by my arms to E-Dorm confinement. At no point was I disorderly, disruptive or resistant. This use of force was excessive, unjustified, unnecessary nor was it applied to maintain or restore discipline. It was the wonton infliction of pain done maliciously to cause injury and harm! Officer John Doe violated my 8th amend, U.S. Constitution (Use of excessive force) for dragging me to confinement. As a result I suffered injuries to my back and shoulder, humiliation and emotional distress. Also my 8th amend, U.S.

16

Constitution (deliberate indifference to my serious medical needs) for refusing to allow me to be seen by a physician. As a result I suffered more needless acute and chronic pain to my back which has gotten worse, denied a wheelchair & pass and denied proper pain medication.

(Major Willford) on 6-12-09 at appx. 9:41 pm after hearing me yelling for help walked to meet us (Lt. Cutchins, officer John Doe and myself) as we exited the building (msB) and entered the street. He could plainly see me being drug and see a health not I was not curing, fighting or resistant in any manner. He stopped and asked what the problem? I told him "I want my back in the kitchen" but before I could finish Lt. Cutchins told him that I refused to return to work. Any reasonable high ranking supervisor (a major) seeing a man being drug who not disruptive, fighting or resistant in any manner would ask his subordinate "why are you dragging him?" I put him on notice that I want my back and the fact that we were comming out of the msB medical building should have alerted him that that type of force was not necessary and that further investigation was needed. Also the fact that Lt. Cutchins has a well known reputation for using excessive force should have prompted any reasonable supervisor officer to investigate the matter further. Major Willford had the ability and a duty to discontinue the obvious constitutional violation by exercis-

17

ing his authority over his subordinates but failed
to exercise that authority to stop it. Instead wi-
th an attitude of deliberate indifference merley
said "ok" and walked off. The two officers then co-
ntinued to drag me on the ground to the center
gate. Major Willford could plainly see and hear me
continuing to cry for help but still refused to stop
the constitutional violations. He could plainly see
that this use of force was the wanton infliction
of pain done maliciously and sadistically to cause
injury and harm. Major Williford grossly neglected
his duty as a supervisory official with deliberate
indifference to my serious medical needs. As a
result of his failure to act I suffered an 8th amm-
end. the U.S. Constitutional violation (used ex-
cessive force) and I suffered injuries to my back
and shoulders, humiliation and emotional distre-
ss from the officers dragging me. Also an 8th
amend. U.S. Constitution violation (deliberate in
difference to my serious medical needs) for ref-
using to allow me to be seen by a physician. As
a result I suffered more needless acute and chonic
pain to my back which has gotten worse, denied
a wheelchair & pass and denied proper pain med-
ication.

Note: Plaintiff also suffered mental anguish and
emotional distress for the deliberate indifference to
his serious medical needs against defendants H. Fromm,
nurse 2, Lt. B.K. Cutchins, officer John Doe, Paula, Foskey,
and Major Willford.

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

14th amendment U.S. Constitution (Due Process)
8th amendment U.S. Constitution (Deliberate Indifference to my serious medical needs)
8th amendment U.S. Constitution (Excessive Force)
Supplemental Jurisdiction over State Law Claim—
Chapter 33-602.101(15.)

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Plaintiff is seeking damages and injunctive Relief, See next page titled Relief.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

6-19-2010
(Date)

Darrell L. Jackson
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 23 day of June , 20 10.

Darrell L. Jackson
(Signature of Plaintiff)

Revised 03/07

7

A. Issue an injunction ordering defendant C. Coin to:
1 - Retract her DR and all subsequent DR's that were written after plaintiff was taken to confinement.
2 - Expunge the DR convictions from plaintiff record.
3 - Replace all jointime that was taken from plaintiff since he was placed in confinement.
4 - To add credit plaintiff all lost gaintime lost since he has been in confinement (10 days a month from 6-12-09)

B. Award Compensatory Damages in the following amounts:
1 - $2,000.00 joint and severally against H. Fromm and nurse two for the pain(acute) suffered by plaintiff when he was let go on the scale.
2 - $120,000.00 joint and several against defendants H. Fromm, Nurse 2, Lt. R.K. Cutchino, officer John Doe, Paula Fookey, Major Willford for the deliberate indifference to my serious medical needs and the mental anguish and emotional distress suffered.
3 - $30,000.00 joint and several against defendants H. Fromm, Nurse 2, Lt. R.K. Cutchino, officer John Doe, Paula Fookey, and Major Willford for the damaging of plaintiff and the mental and emotional injuries sustained.
4 - $200,000.00 joint and several against defendants H. Fromm, Nurse 2, C. Coin, Lt. R.K. Cutchino for the wrongsfull confinement of plaintiff and the physical and emotional injuries sustained.

C. Award punitive damages in the following amounts:
1 - $2,000.00 each against H. Fromm + Nurse 2.
2 - $25,000.00 each against H. Fromm, Nurse 2, Lt. R.K. Cutchino, officer John Doe, Paula Fookey, and Major Willford.
3 - $30,000.00 each against H. Fromm, Nurse 2

Relief Continued

Lt. R.K. Cutching, officer John Doe, Paula Fookey, and Major Willford.

4- $50,000.00 each against H. Fromm, Nurse 2, Cicaln, Lt. R.K Cutching

D- Grant such other relief as it may appear that plaintiff is entitled to.