IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRELL L. JACKSON,
        Plaintiff,

vs.                                              Case No. 5:09cv338/RH/CJK

R. K. CUTCHINS, et al.,
        Defendants.
_____

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon defendant Fromm's motion to dismiss plaintiff's fifth amended complaint as malicious for plaintiff's abuse of the judicial process in failing to disclose his litigation history.  (Doc. 65). Plaintiff responded in opposition to dismissal.  (Docs. 70, 71).  Having conducted a careful review of the record and the arguments presented, the court concludes that plaintiff abused the judicial process by failing to disclose his litigation history as required by the court-issued prisoner civil rights complaint form, and that an appropriate sanction for plaintiff's conduct is dismissal of the fifth amended complaint.

### PROCEDURAL HISTORY

Plaintiff initiated this case on October 7, 2009, by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  On November 16, 2009, plaintiff signed an

amended complaint. (Doc. 16, p. 7). The amended complaint was filed (i.e., submitted to prison officials for mailing) on November 17, 2009. (*Id.*, p. 1). On December 10, 2009, plaintiff signed a second amended complaint, which plaintiff filed on January 25, 2010. (Doc. 22, p. 11). On February 21, 2010, plaintiff signed a third amended complaint, which plaintiff filed on March 4, 2010. (Doc. 28, pp. 1, 14). On June 19, 2010, plaintiff signed a fourth amended complaint, which plaintiff filed on June 23, 2010. (Doc. 33, pp. 1, 7). On March 25, 2011, the District Judge entered an order disposing of several claims. (Doc. 55). Plaintiff's § 1983 claims challenging a June 23, 2009 disciplinary conviction were dismissed without prejudice; plaintiff's medical deliberate indifference claims against defendants Fromm and Jane Doe were remanded to the undersigned for further proceedings; and all of plaintiff's remaining claims were dismissed with prejudice (additional claims against Fromm and Jane Doe, and claims against five other prison officials). (*Id.*). The court has not entered a final judgment as to those claims and parties. (*Id.*).

On April 21, 2011, plaintiff signed a fifth amended complaint, which plaintiff filed on April 25, 2011. (Doc. 59, pp. 1, 7). Plaintiff's fifth amended complaint names as defendants Nurse Fromm and Nurse Jane Doe. (*Id.*, p. 2). Nurse Fromm was served. (Doc. 62). The identity of Nurse Jane Doe has not been ascertained. (Docs. 60, 66). Defendant Fromm now moves to dismiss the fifth amended as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process in failing to disclose a federal civil rights case and two state mandamus actions. (Doc. 65). Plaintiff concedes that he failed to disclose the cases at issue, but argues that dismissal is inappropriate because he did not believe disclosure was

required and because his non-disclosure is merely a "procedural technicalit[y]." (Doc. 70, pp. 2-3; Doc. 71, pp. 2-3).

## PLAINTIFF'S RESPONSES TO QUESTIONS ON THE COMPLAINT FORM DIRECTING DISCLOSURE OF PLAINTIFF'S LITIGATION HISTORY

All of plaintiff's complaints were filed on the court-issued civil rights complaint form.  (Docs. 1, 16, 22, 28, 33, 59).  The complaint form has a section entitled "Previous Lawsuits," where the prisoner-plaintiff is directed to list "all prior civil cases."  (*Id*., pp. 3-4).  The warning for violating the order appears in bold, capitalized font:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (*Id*., p. 3).  The complaint form directs the prisoner-plaintiff to answer the following four questions:

(A)     "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?"

(B)     "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?"

(C)     "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"

(D)     "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"

(*Id*., pp. 3-4) (emphasis in original).  Following each question are parenthetical areas to mark either a "Yes" or "No" answer to that question.  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.

All of plaintiff's complaints provided the same responses to Questions (A), (B), and (D).  Plaintiff responded "No" to each question and disclosed no cases.  (*Id*., pp. 3-4).  Plaintiff was also consistent in his responses to Question (C).  Plaintiff responded "Yes."  The cases plaintiff identified differed throughout his complaints, but in total, plaintiff disclosed the following three cases:

(1)  *Jackson v. State of Florida*, 08-CF-9785, a postconviction motion plaintiff filed in the Ninth Judicial Circuit Court of Florida on September 14, 2009.  (Doc. 1, p. 6; Docs. 16, 22, 28 p. 4).

(2)  *Jackson v. State of Florida*, a state habeas petition plaintiff filed in the Florida Fifth District Court of Appeal in March of 2010.  (Docs. 33, 59, p. 4).

(3)  *Jackson v. Attorney General, State of Florida, et al.*, Case No. 6:10cv1128, a federal habeas petition plaintiff filed in the United States District Court for the Middle District of Florida ("Middle District") in July of 2010.  (Doc. 59, p. 4 (continuation page)).

Plaintiff certified the accuracy of all of his complaints by signing each of them after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  (Doc. 1, p. 8; Doc. 16, p. 7; Doc. 22, p. 11; Doc. 28, p. 14; Doc. 33, p. 7; Doc. 59, p. 7).

## PLAINTIFF'S LITIGATION HISTORY

### Plaintiff's Undisclosed Federal Litigation

The following facts are undisputed.  On the same day plaintiff submitted his original complaint for mailing to this court, plaintiff also submitted a separate civil

rights complaint for mailing to the Middle District.  The Middle District case, *Jackson v. Capraun*, was assigned Case No. 6:09cv1737/JA/DAB.  In that action, plaintiff asserted claims of false arrest, false imprisonment and malicious prosecution arising from plaintiff's arrest on January 28, 2008 for theft of a bicycle and possession of drug paraphernalia.  *See Jackson v. Capraun*, Middle District Case No. 6:09cv1737/JA/DAB.  Although the charges were eventually dismissed, plaintiff sought monetary damages for the alleged constitutional violations.  The theft and possession charges appear unrelated to plaintiff's present confinement.  (*See* Case No. 6:09cv1737, Docs. 26, 85).  The Middle District case is still pending.

Defendant Fromm asserts that the Middle District case "meets the express requirements of this Court's civil rights form," (doc. 65, p. 2 ¶ 6), but she fails to explain why.  The Middle District case does not involve similar facts or issues as the instant case.  The Middle District case does not challenge the fact of plaintiff's incarceration or the conditions of plaintiff's confinement.  The Middle District case has not been dismissed.  None of the questions on the complaint form required plaintiff to disclose Middle District Case No. 6:09cv1737.  Plaintiff's failure to disclose the case was not an abuse of the judicial process.

Plaintiff's Undisclosed State Litigation

The following facts are also undisputed.  Plaintiff initiated the following two civil actions in the Second Judicial Circuit Court of Florida after plaintiff submitted his first four amended complaints to this court, but before plaintiff signed his fifth amended complaint on April 21, 2011:

(1)   *Darrell Levell Jackson v. Florida Department of Corrections*, Case No. 11-CA-380, a mandamus action plaintiff filed on February 4, 2011, seeking to compel the DOC to provide records of the Inspector

General's investigation of plaintiff's complaint that prison guards used excessive force on him on June 12, 16 and 17, 2009.  (Doc. 65, Exs. D, E).

(2)     *Darrell Levell Jackson v. Florida Department of Corrections*, Case No. 11-CA-666, a mandamus action plaintiff filed on March 4, 2011, challenging the disciplinary conviction plaintiff received on June 23, 2009 which resulted in revocation of plaintiff's of gain time.  (Doc. 65, Exs. A, B).

The first mandamus action, Case 11-CA-380, arose from some of the same facts as the instant case – an alleged excessive use of force by Officers Cutchins and John Doe on June 12, 2009.  Although this court dismissed plaintiff's excessive force claims on March 25, 2011, plaintiff was still required to disclose the mandamus action under Question (A).  Even if Question (A) did not require disclosure, Question (C) certainly did, because the mandamus action related to the conditions of plaintiff's confinement.  Plaintiff did not disclose the mandamus action in his fifth amended complaint, even though Question (C) required disclosure.

The second mandamus action, Case 11-CA-666, also arose from some of the same facts as the instant case, and involved one of the legal issues plaintiff sought to litigate here – whether plaintiff's June 23, 2009 disciplinary conviction violated due process.  Although this court dismissed plaintiff's § 1983 claims involving the DR on March 25, 2011, plaintiff was still required to disclose the mandamus action under Question (A).  Even if Question (A) did not require disclosure, Question (C) did, because the mandamus action related to the duration of plaintiff's confinement (the revocation of gain time).  Plaintiff did not disclose the mandamus action in his fifth amended complaint, even though Question (C) required disclosure.

ANALYSIS

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the court to dismiss this case at any time if it determines that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Plaintiff's failure to disclose his two state mandamus actions constitutes an abuse of the judicial process and is malicious.  Plaintiff's responses on the fifth amended complaint form stated, in effect, that plaintiff had initiated no other actions in state court involving facts or issues similar to those raised in the instant case; and that plaintiff had initiated no other actions in state court relating to the fact or duration of plaintiff's confinement or the conditions of his confinement.  Plaintiff's responses were false.

Plaintiff acknowledges that he did not disclose the mandamus actions, but argues that his conduct should be excused because he is proceeding *pro se* and is unskilled in the law, and because the court should not "let or permit form to override substance, [or] procedural technicalities to defeat fairness and justice."  (Doc. 70, pp. 1-3; Doc. 71, pp. 1-3).  Plaintiff further argues that neither the federal civil rights case nor the state mandamus actions required disclosure, because they were filed <u>after</u> plaintiff initiated the present case on October 7, 2009.  Plaintiff explains:

> Plaintiff did in fact file two writ of mandamuses prior to filing his Fifth Amended Complaint.  The reason that Plaintiff did not list them in Section IV Previous Lawsuits of the complaint form is because he had assumed that even though he was amending his complaint the original filing date, October 7, 2009 was still considered the filing date.

Expecially [sic] when he was not required to fill out a new motion to proceed in forma pauperis and a prior 6 months account balance.

After filing four amended complaints which Plaintiff did put down the action he filed in the 5th DCA (State habeas) and the Middle District (Federal habeas), when Plaintiff got to section IV of the complaint form he just put down what he had did [sic] so on the previous complaints.  When Plaintiff was filling out the 5th Amended Complaint and got to section IV, he put down the two actions and then in an attempt to hurry up and complete the form thought, "Nea, I don't have to put nothing down here because I filed the original complaint in 2009 and that is considered the filing date."  Plaintiff really did not know the importance of that section and what it was used for.  Nor was Plaintiff attempting to hide anything or to mislead [sic] anyone.  As Plaintiff stated herein, this is all new to him.  What Plaintiff has learned about litigation came from different inmates, here and there. . . .

(*Id.*, pp. 3-4).

Plaintiff's arguments should be rejected.  Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  His implied plea of inexperience pales when one considers that he has filed more pleadings in this very case than most people will file in a lifetime.  Further, the court's disclosure requirements are not mere procedural technicalities.  Among other purposes, the information helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Finally, plaintiff cannot genuinely argue he did not believe disclosure was required. Although plaintiff says he did not disclose the mandamus actions because they were filed after his original complaint and were therefore not "previous" lawsuits, his own actions demonstrate that was not his understanding.  Plaintiff disclosed his state and federal habeas actions, even though

those actions were filed <u>after</u> plaintiff initiated this case on October 7, 2009.  Plaintiff was not confused about the disclosure requirement or the consequences of disregarding that requirement.

Plaintiff essentially ignored the court's disclosure requirements, made false omissions, and certified the fifth amended complaint's accuracy even though the complaint was incorrect.  Plaintiff's actions show a complete disregard for the court, the judicial process, the known consequences of non-disclosure, and the penalties of perjury (i.e., certifying the fifth amended complaint's accuracy even though the complaint was incorrect).  The court will not tolerate false responses or statements in any pleading or motion filed before it.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court has the authority to control and manage matters such as this pending before it, and plaintiff's false responses should not go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements and responses is to dismiss this case without prejudice as malicious.  Such dismissal will enable plaintiff to refile his complaint against defendants Fromm and Jane Doe, with correct responses to the questions asked, in a new civil rights case.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *see also, e.g., Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing prisoner's amended civil rights complaint without prejudice for abuse of the judicial process, where prisoner's amended complaint failed to disclose a federal lawsuit the prisoner initiated after the

filing of his initial complaint but prior to the filing of his amended complaint); *Shelton v. Rohrs*, 406 F. App'x 340 (11th Cir. 2010) (holding that district court did not abuse its discretion in dismissing prisoner's case without prejudice for abuse of the judicial process, where prisoner failed to disclose four previous civil actions; rejecting prisoner's argument that dismissal of complaint without prejudice was improper because prisoner did not intend to mislead the court and was simply unaware of the law); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010) (holding that district court did not abuse its discretion in dismissing prisoner's case without prejudice for abuse of the judicial process, where prisoner failed to disclose two cases).[1]

Accordingly, it is respectfully RECOMMENDED:

1.  That defendant Fromm's motion to dismiss (doc. 65) be GRANTED.

2.  That this case be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

3.  That in the alternative, plaintiff's medical deliberate indifference claims against defendants Nurse Fromm and Nurse Jane Doe be dismissed without prejudice as malicious and judgment entered accordingly, and that judgment as to plaintiff's other claims be entered in accordance with the court's March 25, 2011 order.

---

[1]The undersigned cites these unpublished cases only as persuasive authority and recognizes that the opinions are not considered binding precedent.  *See* 11th Cir. R. 36-2.

4.  That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of October, 2011.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).